Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5387 | **DATE** | 12/14/2000 |
| **CASE TITLE** | Fortney vs. Kuipers | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Lawyers' motions to dismiss (148-1 and 156-1) are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | DEC 19 2000 | |
| | Notified counsel by telephone. | | date docketed | 175 |
| ✓ | Docketing to mail notices. | | CM | |
| | Mail AO 450 form. | ⊘ | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | 00 DEC 18 PM 2:15 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LISA R. FORTNEY, and ROY )
SAFANDA, Trustee of the Bankruptcy )
Estate of Dale D. Kuipers and Beverly )
G. Kuipers, )
)
)
Plaintiffs, )
)
vs. ) Case No. 98 C 5387
)
DALE D. KUIPERS, et al., )
)
Defendants. )
)
)
_____)
)
WADE M. KUIPERS and KIMBERLY )
KUIPERS, )
)
Defendants/Cross-Plaintiffs, )
)
vs. )
)
JERRY D. BOOSE, et al., )
)
Defendants/Cross-Defendants. )

DOCKETED
DEC 1 9 2000

MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

This case is before the Court on the motions of Jerry Boose, C. Kenneth Blood, Mary Brizuela, the law firm of Blood, Boose & Brizuela, Raymond Agrella, Joseph Sauber, Mary Agrella Fitzpatrick, and the law firm of Shearer & Agrella (collectively "the Lawyers") pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the cross-claim of Wade and Kim Kuipers.

1

Wade and Kim are suing the Lawyers for legal malpractice as direct clients (Count 1), legal malpractice as third-party beneficiaries (Count 2), and fraud (Count 3).

## FACTS

Wade and Kim Kuipers are the son and daughter-in-law of defendants Dale and Bev Kuipers. *See* Cross-Cl. ¶ 7. Dale and Bev were owners of a towing business, and in 1991 one of their trucks was involved in an accident that caused injury to Lisa Fortney. *Id.* ¶¶ 2, 8. The elder Kuipers retained the law firm of Shearer, Blood, Agrella and Boose (now split into the two law firms sued by Wade and Kim) in connection with Fortney's personal injury suit. *Id.* ¶ 11. The Lawyers represented Dale and Bev in the personal injury suit and also advised them regarding the transfer of real estate and other assets during the pendency of the suit. *Id.* ¶ 12. The elder Kuipers and Wade and Kim jointly owned several properties located on Old Kirk Road in West Chicago, Illinois ("the Old Kirk Road Properties"), and both sets of Kuipers consulted the Lawyers about these properties. *Id.* ¶ 13, 16. The Lawyers advised both the elder Kuipers and Wade and Kim about the sale and transfer of the Old Kirk Road Properties, and handled a transfer of the elder Kuipers' interest in the properties to Wade and Kim. *Id.* ¶ 18. Wade and Kim did not retain separate counsel for the Old Kirk Road Properties transfer, nor did the Lawyers advise them to seek separate counsel. *Id.* ¶17. In executing the real estate transfer, the Lawyers sent the elder Kuipers a letter suggesting that the properties would be transferred back to them following the outcome of Fortney's personal injury lawsuit. *Id.* ¶ 20. Wade and Kim were not sent copies of this letter. *Id.* ¶ 21. The transfer of the Old Kirk Road Properties is the subject of the underlying RICO action against Wade and Kim, the elder Kuipers and the Lawyers, and it also forms the basis of Wade and Kim's Amended Cross-Claim.

2

**DISCUSSION**

On a motion to dismiss, the Court must accept as true all well-pleaded allegations in the complaint. *See Miree v. Dekalb County*, 433 U.S. 25, 27 n.2 (1977); *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities are construed in favor of plaintiff (in this case the cross-claimants). *See Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). In deciding a motion to dismiss, the Court reads the complaint liberally, dismissing only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief." *Conley v. Gibson*, 355 U.S. 41, 45 (1957). As a general rule, a complaint is not required to allege all, or any, of the facts entailed by the claim; the plaintiff may plead conclusions. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997). In Count 3, however, Wade and Kim have alleged a fraud claim, which is subject to the higher pleading standard of Federal Rule of Civil Procedure 9(b). For their fraud claim, Wade and Kim must plead the "who, what, when and where" of the alleged fraud. *Ackerman v. Northwestern*, 172 F.3d 467 (7th Cir. 1999). With these standards in mind, the Court addresses the Lawyers' motions to dismiss.

**I.  Legal Malpractice – Direct Clients (Count 1)**

In Count 1, Wade and Kim allege that the Lawyers committed legal malpractice by, among other things, failing to advise them that the transfer of the Old Kirk Road Properties could expose them to liability under federal and state laws against fraudulent transfers. Under Illinois law, a legal malpractice claimant must allege: (1) the existence of an attorney-client relationship; (2) a duty arising from that relationship; (3) a breach of that duty; (4) causation; and (5) resulting damages. *See Continental Casualty Co. v. Grossman*, 271 Ill. App. 3d 206, 210, 648 N.E.2d

3

175, 178 (1995). The Lawyers do not contest that Wade and Kim have adequately pled elements 2-5. Rather, they contend that Wade and Kim have failed to allege the existence of an attorney-client relationship and that their malpractice claim therefore falters at the first step in the analysis. The Court disagrees.

Although they are not required to do so under the liberal pleading standards of the Federal Rules of Civil Procedure, Wade and Kim have alleged sufficient facts to support their conclusion at paragraph 19 that a direct attorney-client relationship existed. Under Illinois law, an attorney-client relationship is "consensual and arises only when both the attorney and the client have consented to its formation." *Simon v. Wilson*, 291 Ill. App. 3d 495, 509, 684 N.E.2d 791, 801 (1997). The clients must manifest their authorization that the attorney act on their behalf, and the attorney must indicate his or her acceptance of the power to act on the clients' behalf. *Id.* Here, Wade and Kim have alleged that they were part owners of Old Kirk Road Properties. Cross-Cl. ¶ 13. They assert that they consulted the Lawyers regarding the properties (¶ 16); that the Lawyers advised them on that subject (¶ 15); and that the Lawyers handled the transfer of the elder Kuipers' ownership in the properties to Wade and Kim (¶ 18). Accepting these allegations as true, we cannot say that a consensual, voluntary attorney-client relationship was not formed. Accordingly, Count 1 survives the Lawyers's motion to dismiss.

## II. Legal Malpractice -- Third-Party Beneficiaries (Count 2)

In the alternative, Wade and Kim claim that they were third-party beneficiaries of the Lawyers' representation of the elder Kuipers with respect to the Old Kirk Road Properties transfer. Cross-Cl. ¶ 38. As a general rule, an attorney's duty extends only to his or her client and not to third parties. *See McLane v. Russell*, 131 Ill.3d 509, 515, 546 N.E.2d 499, 502 (1989);

*Pelham v. Griesheimer*, 92 Ill.2d 13, 99, 440 N.E.2d 544, 547 (1982). A narrow exception to this rule exists when a nonclient pleads and proves "that the primary purpose and intent of the attorney-client relationship itself was to benefit or influence the third party." *Pelham*, 92 Ill.2d at 100, 440 N.E.2d at 548. *See also McLane*, 131 Ill.2d at 515, 546 N.E.2d at 502. The Lawyers argue that under the "intent to directly benefit" test, Count 2 fails because the intent of the challenged real estate transaction was to protect the elder Kuipers' assets during the pendency of the Fortney lawsuit and not to benefit Wade and Kim.

Contrary to the Lawyers' contentions, Wade and Kim have sufficiently alleged that they were intended third-party beneficiaries of the Old Kirk Road Properties transfer. Wade and Kim have alleged that the elder Kuipers retained the Lawyers to provide advice regarding the transfer of the properties (¶¶ 12, 13); that Wade and Kim also consulted with the Lawyers about the properties (¶15); that the Lawyers advised the elder Kuipers to transfer their interest in the properties to Wade and Kim (¶ 18); that the properties were transferred to Wade and Kim, who expected to keep them (¶ 20, 22, Ex. 1-B); and that the Lawyers' failure to advise the elder Kuipers about the legal ramifications of the transfer caused damages to Wade and Kim (¶¶ 33, 34). The fact that the Lawyers' letter to the elder Kuipers suggests that the transfer of the Old Kirk Road Properties was to be temporary, *see* Cross-Cl., ¶ 20, Ex. 1-A, is insufficient to establish as a matter of law that the primary purpose of the attorney-client relationship was to protect the elder Kuipers' assets during the lawsuit. At most, it raises an issue of fact that is more appropriately dealt with at trial or in a summary judgment motion, not a motion to dismiss. Construing the allegations of the cross-claim in the light most favorable to Wade and Kim, we are unable to say that they can prove no set of facts entitling them to relief under a third-party

5

beneficiary theory of liability. *See, e.g., Ogle v. Fuiten*, 102 Ill.2d 356, 363, 466 N.E.2d 224, 227 (1984) (intended beneficiaries of will adequately stated cause of action for negligence against testator's attorney). Therefore, the Lawyers' motion to dismiss is denied with respect to Count 2.

### III. Fraud (Count 3)

Finally, the Lawyers argue that Count 3 should be dismissed because Wade and Kim have failed to plead the elements of common law fraud and state their claim with the particularity required by Federal Rule of Civil Procedure 9(b). The Court disagrees.

Illinois law requires a fraud claim to allege that (1) the defendant made a statement; (2) of a material nature; (3) which was untrue; (4) made with knowledge of its untruth or in culpable ignorance of its truth or falsity; (5) for the purpose of inducing reliance by the plaintiff; (6) actually induced such reliance; and (7) resulted in the plaintiff's injury. *See Johnson v. George J. Ball, Inc.*, 248 Ill. App. 3d 859, 867, 617 N.E.2d 1355, 1361 (1993). An affirmative statement is not always required; fraud may also consist of the omission or concealment of a material fact, if accompanied by the intent to deceive under circumstances which create the opportunity and duty to speak. *See Washington Courte Condominium Ass'n v. Washington-Golf Corp.*, 267 Ill.App.3d 790, 814-15, 643 N.E.2d 199, 215-16 (1994). The duty to make an affirmative statement of material fact arises "when the defendant owes a fiduciary duty to the plaintiff to make complete disclosure and fails to correct a misapprehension of material fact." *Coca Cola Co. Foods Division v. Olmarc Packaging Co.*, 620 F. Supp. 966, 973 (N.D. Ill. 1985) (citing *Obermaier v. Obermaier*, 128 Ill. App. 3d 602, 470 N.E.2d 1047 (1984)). Because fraud may

6

arise out of a material omission, the Lawyers' argument that Count 3 must be dismissed because a fraudulent statement was not made directly to Wade and Kim is unavailing.

Here, construing any ambiguities in the cross-claim in their favor, Wade and Kim have sufficiently alleged the elements of common law fraud. Wade and Kim claim that the Lawyers advised them and their parents about the transfer of the Old Kirk Road Properties and failed to disclose that such a transfer could violated state and federal law. Cross-Cl. ¶¶ 13, 15, 33(b) & (e). Such an omission can fairly be deemed material, given that the transfer is now being challenged in federal court. Further, as discussed above, Wade and Kim have sufficiently alleged the existence of both a direct attorney-client relationship and a third-party beneficiary relationship between them and the Lawyers. Because attorneys owe their clients a fiduciary duty as a matter of law, *see Morris v. Margulis*, 307 Ill. App. 3d 1024, 1033, 718 N.E.2d 709, 716 (1999), and also owe third-party beneficiaries a duty of care in limited situations, *see Pelham*, 92 Ill.2d at 21, 440 N.E.2d at 99, Count 3 adequately alleges circumstances in which the Lawyers had a duty to disclose information about the legality of the Old Kirk Road Properties transfer. The fact that the Lawyers were charged with knowledge of the law (¶42), coupled with their alleged failure to advise Wade and Kim on the legal ramifications of the real estate transfers (¶ 33(b) & (e)), is sufficient to state a claim for intentional or culpable concealment of a material fact. *See, e.g., Tan v. Boyke*, 156 Ill.App.3d 49, 54, 508 N.E.2d 390, 392-93 (1987) (where defendant had duty to disclose material facts and did not do so, plaintiff showed an intention to deceive). Wade and Kim have also pled actual reliance on the Lawyers' omission in that they accepted the transfer of the properties (¶ 18) and that they suffered damages proximately caused by the omission (¶ 45-47).

Finally, Wade and Kim have stated with particularity the circumstances constituting the alleged fraud as required by Federal Rule of Civil Procedure 9(b). Rule 9(b) requires fraud plaintiffs to plead the "who, what, where, and when of the alleged fraud." *Ackerman v. Northwestern Mutual Life Insurance Co.*, 172 F.3d 467, 469 (7th Cir. 1999). Here, Wade and Kim have alleged who made the omission, what it was, and when it was made. These allegations are sufficient to meet the requirements of Rule 9(b). *Cf. Stickle Enterprises, Ltd. v. CPC International Inc.*, No. 96 C 3123, 1997 WL 49177, at *3-4 (N.D. Ill. Jan. 30, 1997) (holding that similarly detailed allegations fulfilled Rule 9(b) requirements).

## CONCLUSION

For the reasons stated above, the Lawyers' Motions to Dismiss [Items 148-1 and 156-1] are denied.

Dated: December 14, 2000

MATTHEW F. KENNELLY
United States District Judge