Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5387 | **DATE** | 3/30/2001 |
| **CASE TITLE** | Fortney vs. Kuipers | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The attorney defendants' motion to stay this case (189-1) is denied. Wade and Kim Kuipers' motion to withdraw the reference of the fraudulent conveyance adversary proceeding is granted (206-1), but their motion to file a cross-claim in that proceeding (206-2) is denied. Plaintiffs' motion to withdraw reference (218-1) is likewise granted as to Case 99C1463, but is otherwise denied. The deadline for filing dispositive motions in the fraudulent conveyance adversary proceeding will be 5/4/01, the same as in the present case.
(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | APR 02 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 230 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
APR 0 2 2001

| | |
|---|---|
| LISA R. FORTNEY, et al., | |
| Plaintiffs, | |
| vs. | Case No. 98 C 5387 |
| DALE D. KUIPERS, et al., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In 1996, plaintiff Lisa Fortney obtained a $650,000 judgment against defendants Dale and Bev Kuipers in a state court personal injury action. Only about $115,000 of the judgment was satisfied. The Kuipers filed for bankruptcy in November 1997. Fortney alleges that prior to the bankruptcy, the Kuipers, advised by their attorneys, transferred and otherwise dissipated their assets to avoid paying the judgment. In August 1998, Fortney, joined by the bankruptcy trustee, filed suit against the Kuipers, their former attorneys, and certain transferees of the Kuipers' assets, alleging RICO violations and civil conspiracy. The trustee subsequently filed an adversary proceeding in the Chapter 7 case, seeking return of certain transferred assets on the grounds the transfers constituted fraudulent conveyances.

In February of this year, after fact discovery was closed and expert discovery was well under way, certain of the attorney defendants moved to stay this case pending resolution of the bankruptcy adversary proceeding. Plaintiffs oppose this motion, as do certain of the transferee defendants. In addition, in response to a suggestion by the Court, some of the parties in this case

have asked the Court to withdraw the reference of the fraudulent conveyance adversary proceeding and allow that matter to proceed in this Court, either prior to or in conjunction with the RICO case. Plaintiffs have gone further, asking the Court to withdraw the reference as to adversary proceedings in which they seek to deny the Kuipers a discharge in bankruptcy.

In support of their request for a stay, the attorney defendants rely primarily on two Second Circuit cases, *Stochastic Decisions, Inc. v. DiDomenico,* 995 F.2d 1158, 1166-67 (2d Cir. 1993), and *Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1106 (2d Cir. 1988). In *Stochastic Decisions,* the court, relying on *Bankers Trust,* held in a RICO case similar to this one that "such a RICO claim does not accrue until it is established that collection of the claim or judgment has been successfully frustrated." 995 F.2d at 1166. Put another way, the plaintiff has no RICO claim unless and until it "ultimately fail[s] to collect the judgment." *Id.* The Seventh Circuit, in a case not cited by any party, approved of *Bankers Trust* in *Barnett v. Stern,* 909 F.2d 973, 977 n.4 (7th Cir. 1990), a case which like this one involved a RICO claim by a creditor and a bankruptcy trustee based on the defendants' alleged transfer of assets to avoid paying a debt. Though the court based its decision on other grounds, it opined that the plaintiffs' damage claims were "speculative (and premature)" because they "had yet to show damages because it remains to be seen whether they will be able to satisfy their claims from the bankruptcy estate." *Id.* The court's comments were *dictum,* but they clearly indicate the Seventh Circuit's approval of *Bankers Trust,* and that is a fact this Court cannot ignore.

*Barnett, Stochastic Decision,* and *Bankers Trust* indicate that the appropriate course in a premature RICO action is dismissal, not a stay. But the Court will not dismiss the present case, for two reasons. First, the attorney defendants have not sought dismissal. Second (and more

2

importantly), unlike in *Barnett,* it is undisputed that Fortney will be unable to satisfy her debt from the bankruptcy estate. The total estimated value of the property that the trustee is seeking to recoup via the fraudulent conveyance claims is far less than the unsatisfied amount of Fortney's judgment, and there are other parties who will have a claim on any property recovered by the trustee. Thus it is certain that Fortney will be able to show *some* damages if she prevails here; her claim is not entirely premature.

The uncertain outcome of the bankruptcy proceedings, however, suggests that it might be appropriate to stay this case – but until the entire bankruptcy is over, not just the fraudulent conveyance adversary proceeding. Conclusion of the adversary proceeding will not fix the amount that Fortney will recover from the bankruptcy case. All it will do is determine whether property must be returned to the bankruptcy estate. Because other parties will have claims on that estate, the amount of Fortney's recovery will not be known for certain until the entire bankruptcy case is concluded. The uncertainty has an impact on this case: how will the Court instruct the jury to determine damages?

Despite this, the Court is not prepared to stay this case at the present time. The *Bankers Trust* issue was raised at the eleventh hour – fact discovery is closed, expert discovery is nearly concluded, and a trial date has been set; the bankruptcy court has established no deadlines or hearing dates; and none of the parties have given the Court any indication when that case will be concluded. The Court is unwilling to put this case, nearing its third birthday, on an indefinite pause.

Though conclusion of the fraudulent conveyance adversary proceeding will not by itself fix the amount of Fortney's recoverable damages, it will significantly advance the ultimate

3

conclusion of the parties' disputes. The Court believes that the most sensible course, in view of the fact that deadlines and schedules are already in place in the RICO case, the considerable overlap in the facts underlying both cases, and the Court's familiarity with the case, is to withdraw the reference with regard to the fraudulent conveyance adversary proceeding and do what is necessary to bring that case to a prompt determination. That will go a long way to bringing the bankruptcy case to an early conclusion.

The Court does not agree, however, that the adversary proceeding must be completed before anything else can happen in the RICO case. The Court intends to stick to the previously-set deadline for filing dispositive motions in the RICO case and will use that same deadline for the fraudulent conveyance case.[1] Once those motions are determined, it will be appropriate to address whether the cases can be tried together, as plaintiffs suggest, or whether any remaining uncertainty in the outcome of the entire bankruptcy case dictates putting off the trial in the RICO case by some reasonable period. If the determination of any dispositive motions filed in the fraudulent conveyance case gives rise to additional issues that need to be addressed in the RICO case prior to trial, the parties can request leave to file appropriate motions concerning those issues.

Wade and Kim Kuipers' motion for leave to file a cross-claim in the adversary proceeding against the attorneys is denied. The fact that the Court is taking over the adversary proceeding does not change the basic character of that proceeding; it is part of a bankruptcy case. Wade and Kim Kuipers have offered no authority to support the proposition that they have any

---

[1] Discovery in the two cases has been conducted in tandem, and thus discovery in the adversary proceeding is complete, or virtually so.

right to make third party claims in a fraudulent conveyance claim made as part of a bankruptcy case.

The Court also denies plaintiffs' motion for withdrawal of the reference to the extent it seeks transfer to this Court of Fortney's and the trustee's adversary proceedings in which they object to the discharge of the Kuipers under various provisions of the Bankruptcy Code. Those cases do not have the same degree of overlap with the RICO case as does the fraudulent conveyance adversary proceeding, and they present issues more appropriately addressed by a bankruptcy judge.

## Conclusion

The attorney defendants' motion to stay this case [189-1] is denied. Wade and Kim Kuipers' motion to withdraw the reference of the fraudulent conveyance adversary proceeding, Case No. 99 A 1463 [206-1], is granted, but their motion to file a cross-claim in that proceeding [206-2] is denied. Plaintiffs' motion to withdraw reference [218-1] is likewise granted as to Case No. 99 C 1463, but is otherwise denied. The deadline for filing dispositive motions in the fraudulent conveyance adversary proceeding will be May 4, 2001, the same as in the present case.

MATTHEW F. KENNELLY
United States District Judge

Date: March 30, 2001

5